UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS,

    Petitioner,

v.                                              Case Number: 10-cv-11999
                                                    Honorable Avern Cohn

RAYMOND BOOKER,

    Respondent.

_____/

## ORDER DISMISSING PETITION
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Robert Childress ("Petitioner"), proceeding pro se, challenges his state court conviction for using false pretenses in violation of Mich. Comp. Laws § 750.218(4)(a), for which he was sentenced to eleven months to five-years imprisonment in 2002. The sentence expired in 2007. As will be explained, the petition must be dismissed for lack of jurisdiction because Petitioner is no longer "in custody" for purposes of habeas review. The Court also denies a certificate of appealability.

### II.

Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petitioner "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." A petition may be summarily dismissed where the

allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75 (1977) (internal citations omitted).

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. See Mabry v. Johnson, 467 U.S. 504, 506 n.3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); see also Garlotte v. Fordice, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491 (1989) (per curiam). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." Id. at 490 (quoting 28 U.S.C. § 2241(c)(3)).

III.

Here, as it appears plainly from the petition, Petitioner's sentence expired in 2007. He filed the instant petition on May 18, 2010. Because he has fully served his state sentence, the Court lacks subject matter jurisdiction over any challenge to the constitutionality of the conviction or sentence. As such, the petition must be dismissed.

It is also noted that Petitioner is a prolific litigator. An electronic search of court records shows that Petitioner has filed at least nine habeas cases challenging various state court convictions, the majority of which have been dismissed. Most notably, on December 23, 2009, he filed a petition challenging the same conviction and appearing to raise the same claims as in the instant petition. That case was assigned to a different judge in this district who likewise concluded that it must be dismissed for lack of subject matter jurisdiction. Childress v. Booker, 09-CV-14995. That case was dismissed on May 7, 2010, less than two weeks before Petitioner filed the instant petition.

### III. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[1] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds,

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 898 n.4 (1983)).

Here, "jurists of reason" would not find it debatable whether this Court was correct in its ruling that the Court lacks jurisdiction over his petition.

IV.  Conclusion

For the reasons stated above, the petition is DISMISSED.  A COA is DENIED.  Given these determinations, Petitioner's pending "Motion to Challenge Expired Sentence" is DENIED AS MOOT.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2010

I hereby certify that a copy of the foregoing document was mailed to Robert Childress 365065, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212  on this date, May 25, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160